# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## DIRECTIONS FOR INFORMAL BRIEF

1. **Preparation of Brief.** The Court will consider this case according to the written issues, facts, and arguments presented in the Informal Briefs. Space is provided to present up to four issues. Additional issues may be presented by attaching additional sheets. The Court will not consider issues that are not specifically raised in the Informal Briefs. Informal Briefs must be legible and concise, and any attached pages must be sequentially numbered. Informal Briefs may be filed on the form provided or in memorandum or formal briefing format.

2. **Copies required.**

   * File the original of the Informal Brief with the Court. If you would like a file-stamped copy returned, send an extra copy and a self-addressed stamped envelope. The Court's address is:

      Clerk
      U.S. Court of Appeals, Fourth Circuit
      U.S. Courthouse Annex, 5th Floor
      1100 East Main Street
      Richmond, VA  23219

   * Send one copy of your Informal Brief to each of the parties in the case.

3. **Certificate of Service Required.** You must certify that you sent each of the other parties or attorneys complete copies of all documents you send the Court. Service on a party represented by counsel shall be made on counsel.

4. **Signature Required.** You must sign your Informal Brief and all Certificates of Service. If the Informal Brief is not signed, the case will be subject to dismissal under this Court's Local Rule 45.

> DOCUMENTS ARE SCANNED INTO ELECTRONIC FORM AND POSTED TO THE DOCKET. DO NOT USE STAPLES, TAPE OR BINDING.

11/14/16  SCC

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## INFORMAL BRIEF

**RE:**

1. **Declaration of Inmate Filing**
   An inmate's notice of appeal is timely if it was deposited in the institution's internal mail system, with postage prepaid, on or before the last day for filing. Timely filing may be shown by:
   - a postmark or date stamp showing that the notice of appeal was timely deposited in the institution's internal mail system, with postage prepaid, or
   - a declaration of the inmate, under penalty of perjury, of the date on which the notice of appeal was deposited in the institution's internal mail system with postage prepaid. To include a declaration of inmate filing as part of your informal brief, complete and sign the declaration below:

---

**Declaration of Inmate Filing**

I am an inmate confined in an institution. I deposited my notice of appeal in the institution's internal mail system on _____ [insert date]. First-class postage is being prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

Signature: _____     Date: _____

---

2. **Jurisdiction**
   Name of the court or agency from which you are appealing:


   Dates of the order or orders for which review is sought:


3. **Issues for Review**
   Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider. The parties may cite case law, but citations are not required.

**Issue 1.**

**Supporting Facts and Argument.**

The Plaintiff also contends that her actions qualify her for the said lesser sanctions since she did not deliberately delay the matter. Accordingly, that the judge issued a vague order on the 7th of December 2022. Particularly, the order failed to specify the precise Plaintiffs being referred to by name hence the Plaintiff herein was unable to establish with certainty that she was being referred to. That subsequently, the Plaintiff attempted to rectify the defects but was informed that she was past the stipulated timelines.

**Issue 2.**

Plaintiff did not deliberately disregard the courts order and was acting in good faith.

**Supporting Facts and Argument.**

The question of whether to dismiss a case for want of prosecution requires a three-party inquiry. This includes an examination of whether the plaintiff acted in a manner that deliberately or unreasonably delayed the matter, whether the defendant suffered any significant prejudice, and whether other sanctions short of dismissal would suffice. Jones v. Prince William Hosp., Inc., 92 Va. Cir. 70 (Va. Cir. Ct. 2015)

**Issue 3.**

Plaintiff Kristen-Clark Hassell is appealing the wrongful involuntary dismissal of her action because of the Defendant's fraudulent concealment of claims.

**Supporting Facts and Argument.**

Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988)

In, Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988), Plaintiffs Higgins and Jones appealed from the district court's order granting summary judgment in favor of defendant, E.I. DuPont de Nemours Co., Inc. ("DuPont"), regarding their survival actions. Plaintiffs also appealed the dismissal of their wrongful death actions, maintaining that they were not statutorily barred as untimely because of DuPont's fraudulent concealment of their claims.

**Issue 4.**

Fraud cases need discovery before they are dismissed. Defendants are concealing their claims and thus it is not the Plaintiff who is failing to prosecute.

**Supporting Facts and Argument**

United States v. Philip Morris USA Inc., 327 F. Supp. 2d 21 (D.D.C. 2004): In this case, the court denied the defendant's motion to dismiss a fraud claim on the grounds that the plaintiff failed to prosecute the case. The court found that the plaintiff had made a good faith effort to discover the facts relevant to the claim, but the defendant had concealed crucial information.

4. **Relief Requested**

   Identify the precise action you want the Court of Appeals to take**:**

5. **Prior appeals (for appellants only)**

   A. Have you filed other cases in this court?
       Yes    No

   B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

   _____
   Signature
   [Notarization Not Required]

   _____
   [Please Print Your Name Here]

**CERTIFICATE OF SERVICE**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

I certify that on _____ I served a complete copy of this Informal Brief on all parties, addressed as shown below:

_____
Signature

**NO STAPLES, TAPE OR BINDING PLEASE**

**KRISTEN A. CLARK-HASSELL**
108 Plantation Court
St. Marys, GA 31558
United States.
(912) 322-1897
clarkhassellak@gmail.com
In Pro Per

<center>FOURTH CIRCUIT COURT OF APPEALS</center>

| | |
|---|---|
| **Kristen A. Clark-Hassell** | ) CIVIL ACTION.:7:22-CV-00178-FL |
| Plaintiff, | ) APPEAL CASE NO. |
| vs. | ) **PLAINTIFF'S INFORMAL BRIEF** |
| ………………………..., | ) |
| Defendant(s) | ) |

<center>**INFORMAL BRIEF**</center>

NOW COME Kristen A. Clark-Hassell, the Plaintiff, and file this Supplementary brief pursuant to the North Carolina Code of Civil Procedure (Code), and for cause would show this Honorable Court as follows:

1. **Issue 1: The Court should have acted with Lesser Sanctions**

   That the Plaintiff was innocently under the impression that she had met all the necessary requirement and all the documents she had filed were properly on record only to be informed that her case was being dismissed for failure of prosecution.

   The Plaintiff appreciates Rule 1 A of that stipulates;

   > "*A trial court is authorized by Rule 41(b) of the Rules of Civil Procedure to dismiss an action or claim (original, cross-claim, counterclaim, or third-party claim) due to the failure of the claimant to prosecute its case.*"

---

<center>**PLAINTIFF'S INFORMAL BRIEF** - 1</center>

"Dismissal for failure to prosecute should not be granted unless it is clear that the party has exhibited a deliberate and contumacious disregard for the court's authority." *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia de Puerto Rico, 248 F.3d 29, 35 (1st Cir. 2001).*

The Plaintiff also contends that her actions qualify her for the said lesser sanctions since she did not deliberately delay the matter. Accordingly, that the judge issued a vague order on the 7th of December 2022. Particularly, the order failed to specify the precise Plaintiffs being referred to by name hence the Plaintiff herein was unable to establish with certainty that she was being referred to. That subsequently, the Plaintiff attempted to rectify the defects but was informed that she was past the stipulated timelines.

2. Issue 2: **<u>Plaintiff did not deliberately disregard the courts order and was acting in good faith:</u>**

"Dismissal for want of prosecution should be used sparingly, and only when the plaintiff has demonstrated a clear and deliberate disregard for the court's orders or the rules of civil procedure." *McLean v. Allstate Ins. Co., 236 Va. 548, 375 S.E.2d 727 (1989)*

The question of whether to dismiss a case for want of prosecution requires a three-party inquiry. This includes an examination of whether the plaintiff acted in a manner that deliberately or unreasonably delayed the matter, whether the defendant suffered any significant prejudice, and whether other sanctions short of dismissal would suffice. Jones v. Prince William Hosp., Inc., 92 Va. Cir. 70 (Va. Cir. Ct. 2015)

Enron Corp. Sec. Litig., 771 F. Supp. 2d 620 (S.D. Tex. 2011): In this case, the court denied the defendant's motion to dismiss a fraud claim based on the plaintiff's alleged failure to prosecute.

**PLAINTIFF'S INFORMAL BRIEF** - 2

The court found that the plaintiff had diligently pursued discovery and that any delay in the case was due to the defendant's refusal to provide requested documents.

3. Issue 3: **Plaintiff Kristen-Clark Hassel is appealing the wrongful involuntary dismissal of her action because of the Defendant's fraudulent concealment of claims.**

Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988)

In, Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162 (4th Cir. 1988), Plaintiffs Higgins and Jones appealed from the district court's order granting summary judgment in favor of defendant, E.I. DuPont de Nemours Co., Inc. ("DuPont"), regarding their survival actions. Plaintiffs also appealed the dismissal of their wrongful death actions, maintaining that they were not statutorily barred as untimely because of DuPont's fraudulent concealment of their claims.

In this case, Plaintiff Kristen-Clark Hassel is appealing the wrongful involuntary dismissal of her action because of the Defendant's fraudulent concealment of claims.

4. Issue 4: **Fraud cases need discovery before they are dismissed. Defendants are concealing their claims and thus it is not the Plaintiff who is failing to prosecute.**

United States v. Philip Morris USA Inc., 327 F. Supp. 2d 21 (D.D.C. 2004): In this case, the court denied the defendant's motion to dismiss a fraud claim on the grounds that the plaintiff failed to prosecute the case. The court found that the plaintiff had made a good faith effort to discover the facts relevant to the claim, but the defendant had concealed crucial information.

Enron Corp. Sec. Litig., 771 F. Supp. 2d 620 (S.D. Tex. 2011): In this case, the court denied the defendant's motion to dismiss a fraud claim based on the plaintiff's alleged failure to prosecute. The court found that the plaintiff had diligently pursued discovery and that any delay in the case was due to the defendant's refusal to provide requested documents.

**PLAINTIFF'S INFORMAL BRIEF** - 3

McLaughlin v. Anderson, 962 F.2d 187 (2d Cir. 1992): In this case, the court held that a party may not be sanctioned for failure to prosecute if the delay was caused by the opposing party's refusal to provide discovery.

5. Issue 5: **Plaintiff has been engaged in the court cases to recover her children for many years and has notarized all the documents herself, being proof that she has acted on her behalf.**

    Plaintiff, who has been fighting for the custody of her children for many years. Plaintiff has shown unwavering commitment to the well-being of her children, and believe that the efforts should be recognized.

    The plaintiff has notarized all the necessary documents herself, demonstrating her thoroughness and dedication to the legal process. She has also never willfully missed any court orders, further demonstrating her respect for the legal system and her commitment to following the rules.

    Plaintiff's actions reflect her genuine desire to regain custody of her children and to provide them with a safe and loving home. Her efforts should be commended.

6. Issue 6: **Defendant has not suffered any prejudice as a result of the plaintiff's alleged delay or inaction. Also, the defendant has been unable to prove that they have been prejudiced by the delay of Plaintiff.**

    <u>Diane Von Furstenberg Studio v. Snyder, 1:06cv1356(JCC) (E.D. Va. Oct. 10, 2007)</u>

    Even were this Court to determine that Plaintiff had violated Rule 26 or an order of this Court, Defendant has failed to meet the burden of demonstrating that the severe sanction of dismissal is warranted. Hillig, 916 F.2d at 174.

    Defendant has not shown that her cause has been significantly prejudiced, particularly as she filed this Motion before this Court issued a final ruling.

**PLAINTIFF'S INFORMAL BRIEF** - 4

7. **Issue 7: <u>Judge is Biased</u>**

The Plaintiff also requests this honorable court to note that the judge is biased, unfair and unjust. Some of the high-profile and distinguished defendants defaulted and did not respond to the law suit within the statutory timelines since they had 30 days to respond.

Moreover, the Plaintiffs are required to respond to motions to dismiss by the defaulted Plaintiff notwithstanding her co-plaintiffs being dismissed for a lesser oversight.

That the bias is demonstrated in the Defendant not getting called out for default yet the Plaintiff herein has been defaulted for the same. Precisely, this case was filed on the 12th of October 2022 and some Defendants are yet to respond. Also, despite the Plaintiffs entering default entries, the clerk adamantly refused to register a notice of default.

## **CONCLUSION**

In light of the preceding comprehensive Supplementary Brief, the Plaintiff seeks to following reliefs:

a. The order for Dismissal for Want of Prosecution be reviewed.

b. This honorable court takes notice of the bias and prejudice against the Plaintiff by the judge.

c. The Plaintiff's case be reinstated.

Dated this 31st day of March, 2023

                                                        Respectfully submitted,

                                                        Plaintiff, *in pro per*

**KRISTEN A. CLARK-HASSELL**
108 Plantation Court
St. Marys, GA 31558
United States.
(912) 322-1897
clarkhassellak@gmail.com